COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
A Professional Corporation
900 Third Avenue
New York, New York 10022
(212) 752-8000
(212) 752-8393 Facsimile
Kenneth L. Baum, Esq.
Attorneys for Kennedy Funding, Inc.

Presentment Date: February 3, 2010

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 10-22026 (RDD) |
| EVERYDAY LOGISTICS LLC, | Chapter 11 |
| Debtor. | |

## LIMITED OBJECTION OF KENNEDY FUNDING, INC. TO DEBTOR'S MOTION TO ASSUME CONTRACT WITH PESACH AT THE GRANIT, INC.

TO: THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

Kennedy Funding, Inc. ("Kennedy"), a secured creditor of Everyday Logistics LLC, the debtor and debtor-in-possession herein (the "Debtor"), by and through its counsel, submits this limited objection to the Debtor's motion to assume a contract with Pesach at the Granit, Inc. (the "Motion"), and respectfully shows:

### I. BACKGROUND

1. The subject of the Motion is an Agreement between E & S Development ("E & S") and Pesach at the Granit, Inc. (the "Passover Group"), dated as of November 2006 (the

"Agreement"). Pursuant to the Agreement, E & S agreed to provide exclusive use of the Debtor's hotel and resort to the Passover Group for the Passover holiday in the years 2008 through 2012. Through the Motion, the Debtor seeks to assume the Agreement for the 2010 Passover holiday only, pursuant to Section 365(a) of the Bankruptcy Code. While Kennedy is respectful of the Debtor's business judgment in determining the benefit to the estate from partial assumption of the Agreement, Kennedy nevertheless has the following concerns and inquiries regarding the Agreement and the Motion:

>   (a) Because E & S, and not the Debtor, is party to the Agreement with the Passover Group, Kennedy questions whether the Debtor actually has any rights in the Agreement that can be assumed. Additionally, the Debtor should disclose whether any past revenues from the Agreement were paid to E & S, and not the Debtor.
>
>   (b) The Motion states, at paragraph 13, that the Debtor will have "no payroll" expenses during the 2010 rental period, which runs from March 21 through April 7, 2010 (the "Rental Period"). However, the Monthly Budget submitted by the Debtor in support of its motion to use Kennedy's cash collateral for the period of February through July 2009 (the "Budget"), a true copy of which is annexed hereto as **Exhibit A**, does not reflect a corresponding reduction in the Debtor's payroll expenses during the Rental Period.
>
>   (c) The Debtor indicates in paragraph 13 of the Motion that it expects to realize a net profit of up to $150,000.00 for the Rental Period. Given that the Agreement requires the Passover Group to pay a fee of $376,100.00 for the Rental Period, this means that the Debtor's expenses for the Rental Period, which the Debtor identifies as its fixed overhead expenses, total approximately $226,000.00 for a seventeen (17) day period. This proportionate amount, however, far exceeds the Overhead Expenses listed in the Budget.
>
>   (d) The Debtor has advised Kennedy that the Passover Group maintains its own workers compensation and general liability insurance policies. However, there is no indication of the amount of coverage under those policies. Given the proposed turnover of the Debtor's facilities to the Passover Group for a 17-day period, that information should be provided immediately, and the Debtor should be listed as an additional insured under the policies.
>
>   (e) Paragraph 29 of the Agreement suggests that the Passover Group maintains its own secure storage space at the hotel on a year-round basis, from which the Debtor cannot remove any equipment without the Passover Group's specific written consent. Although the Debtor has advised Kennedy that the

2

Debtor has permission to enter that space without the Passover Group's consent in the event of a life or safety issue, the Agreement should be amended to memorialize that condition.

(f) Although the Debtor states that the Passover Group consents to assumption of the Agreement for the 2010 Passover holiday only, the Debtor has provided no legal authority to support the partial assumption of an executory contract. The Debtor must ensure that it is not incurring any unnecessary administrative obligations at this early stage of the case. This applies not only to the Agreement in general, but also to the Passover Group's use of the storage space, which must be limited to the 2010 holiday only.

2. Given the potential impact of these issues on the Debtor's estate, the Court should condition granting of the Motion on the Debtor addressing all of Kennedy's above concerns.

WHEREFORE, for the foregoing reasons, Kennedy respectfully requests that the Court condition granting of the Motion on the Debtor addressing Kennedy's above concerns, and grant all other just and proper relief.

Dated: New York, New York
February 3, 2010

                              COLE, SCHOTZ, MEISEL,
                              FORMAN & LEONARD, P.A.
                              Attorneys for Kennedy Funding, Inc.

By:      */s/ Kenneth L. Baum*
            Kenneth L. Baum (KB-2492)
            900 Third Avenue
            New York, NY 10022
            (212) 752-8000
            (212) 752-8393 (facsimile)
            kbaum@coleschotz.com